

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,154-01

**EX PARTE RAYMOND YOUNG, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 92153-A IN THE 252nd DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Ninth Court of Appeals affirmed his conviction. *Young v. State*, No. 09-08-00164-CR (Tex. App.—Beaumont May 14, 2009) (not designated for publication).

Applicant contends, among other things, that the State improperly suppressed material and exculpatory evidence, the State presented false evidence at trial, his trial counsel rendered ineffective assistance, and he is actually innocent based upon newly discovered or newly available evidence. The trial court recommends we dismiss this application for non-compliance with the requirements

of TEX. R. APP. P. 73.1. However, we disagree with the trial court's recommendation and find that Applicant has sufficiently complied with the requirements set out in the rule.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 US 83 (1963); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. In order to resolve the ineffective assistance issue, the trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the State suppressed exculpatory and material evidence in this cause. The trial court shall also make findings of fact as to whether the State presented false evidence in this cause. The trial court shall also make findings of fact as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings of fact as to whether Applicant is actually innocent based upon newly discovered or newly available evidence. The trial court shall also make any other findings of fact and conclusions of law

3

that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 28, 2018
Do not publish